STATE of Tennessee, Appellee,

v.

Billy R. SHAW, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 11, 1982.

James A. H. Bell, Knoxville, for appellant.

William M. Leech, Jr., State Atty. Gen., J. Andrew Hoyal, II, Asst. State Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Charles Fels, Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

BYERS, Judge.

The defendant appeals from a judgment finding him to be an habitual traffic offender as defined in T.C.A. § 55–10–601 et seq.

The defendant says the trial court should have granted his motion for summary judgment[1] and says records of the Department of Safety should not have been admitted because they were not properly certified.

The judgment is affirmed.

■ The defendant claims a February 25, 1980, conviction used as one of the previous convictions to show he had become an habitual traffic offender was void on its face because it showed he was not represented by counsel. He averred in his motion for summary judgment, as he had to do to proceed thereon, there was no genuine dispute to any material fact thus entitling him to a summary judgment in his favor.

The general sessions court warrant shows on its face the name of an attorney as counsel for the defendant. There is a line drawn across the attorney's name. The defendant says this indicated he did not have counsel when he was convicted on the charges contained in the warrant. This conclusion cannot be drawn as a matter of law. Evidence would be required to show whether the line indicated the lack of counsel or whether the line was of no effect.

■ The defendant further claims the prior judgment was facially defective because the Supreme Court in *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), held there could be no presumption of a waiver of a constitutional right upon a silent record.[2] We think the defendant reads *Burgett* in a broader sense than it should be read. The Supreme Court held a judgment on an indictment which did not show on its face the accused was represented by counsel or show a waiver of counsel was presumptively void and unless the record showed the accused had counsel or waived counsel the previous judgment could not be introduced in a trial to enhance punishment in habitual offender cases. In short, it is our opinion the Supreme Court in *Burgett* said if the judgment fails to show on its face representation by counsel or fails to show a waiver thereof, the state would be required to show the validity of the judgment before it could be used in enhancement of punishment cases. The warrant in this case was not facially invalid. Therefore, the trial judge properly overruled the motion for summary judgment.

The trial judge properly admitted certified copies of the abstract of the records from the Tennessee Department of Safety.

---

1. Trials under T.C.A. § 55–10–601 are tried as civil cases, and the Rules of Civil Procedure are applicable.

2. There was no showing on the face of the indictment Burgett was represented by counsel or waived counsel.

 T.C.A. § 55–10–605 provides the records of the Department of Safety, properly certified, may be introduced into evidence in trials under the habitual traffic offender act. Further, Rule 44.01 of the Rules of Civil Procedure provides for the authentication and entry into evidence of official records when they are attested by the officer having custody of the record, or by his deputy. The records from the Department of Safety introduced into this case were attested to by the supervisor of the department where the records are kept. These records were therefore properly admitted.

WALKER, P. J., and DAUGHTERY, J., concur.